# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-01685-RBJ-BNB

ESTHER CAPRA and PRISCILLA DOMENECH,

    Plaintiffs,

v.

ROCKY MOUNTAIN S.E.R./JOBS FOR PROGRESS, INC., a Colorado nonprofit corporation,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER
---

Under Rule 26(c) FED. R. CIV. P., IT IS ORDERED:

1.    This Stipulated Protective Order shall apply to all documents, materials and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, depositions and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    The Parties acknowledge that they have read and will comply with the Court's Practice Standards.  Information filed with the Court will generally be available to the public. Restriction of public access is appropriate for such things as Social Security numbers, residential addresses and true trade secrets and may be appropriate for other categories such as criminal histories and medical information, but the parties shall consider and confer about the possibility of redacting documents containing Confidential Information before filing such documents with the Court. If it is critical that

the Court see the information, then the party that wishes to file Confidential Information with the Court may request a narrow order restricting public access and show good cause to support such a request.  Any party that wishes to file information under seal must move the Court to do so pursuant to D.C.COLO.LCivR 7.2.

3.      As used in this Stipulated Protective Order, "document" is defined as provided in Rule 34(a), FED. R. CIV. P. A draft or non-identical copy is a separate document within the meaning of this term.

4.      Confidential documents, materials, and information (collectively, the "Confidential Information") shall not be disclosed or used for any purpose except the preparation and trial of this case. The duty to keep confidential information confidential survives the completion of this case.

5.      Information designated "Confidential" shall be information that concerns private financial, employment or medical information of Plaintiffs Esther Capra and Priscilla Domenech  ("Plaintiffs"); or information produced by Defendant Rocky Mountain S.E.R./Jobs for Progress, Inc. ("RMSER" or "Defendant"), when designated "CONFIDENTIAL," concerning current or former employees of Defendant, including personnel or personnel-related documents or internal memoranda concerning businesses, customer or financial documents, information, research, development or commercial information, which Defendant contends is propriety, confidential or a trade secret.  As a condition of designating documents for confidential treatment, the

documents must be reviewed by a lawyer and a good faith determination must be made that the documents are entitled to protection.

6.  A party designating documents as Confidential Information may do so by marking such material with the legend "Confidential."

7.  Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as "Confidential" and shall be subject to the provisions of this Stipulated Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.  The parties recognize but do not necessarily agree that Confidential Information may include, but is not limited to, sensitive and non-public information and records concerning compensation, employee duties and performance, employee discipline and promotions, personnel decisions and other documents related to the Plaintiffs' employment with Defendant, and Defendant's general business practices, financial matters and technical, strategic or other proprietary business information. All Confidential Information designated "Confidential" shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   a.  attorneys actively working on this case;

      b.    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation of the case, at trial, or at other proceedings in this case;

      c.    the parties, including Plaintiffs, Defendant and Defendant's Board of Directors, officers, management, and any advisory witnesses who are directly assisting said attorneys in the preparation of this case;

      d.    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

      e.    the Court, jurors and/or court staff in any proceeding herein and in Court filings related to this proceeding;

      f.    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      g.    deponents, witnesses or potential witnesses; and

      h.    other persons by written agreement of the parties.

9.    A party may object to the designation of particular Confidential Information by giving written notice to the party that designated the disputed information and all other parties to the civil action. The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party

designating the information as Confidential Information to file an appropriate motion or to contact the Judge's chambers, as may be required by the Judge's Practice Standards before filing a motion, within eleven (11) days of the end of the above-described ten (10)-day period requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If such a motion is timely filed or contact with the Judge's chambers is timely made, the disputed information shall be treated as Confidential Information under the terms of this Stipulated Protective Order until the Court rules on the motion. If the designating party fails to file such a motion or contact the Judge's chambers within the prescribed period, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

10.   At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as Confidential Information shall be destroyed or preserved by counsel in a manner which is fully consistent with the terms of this Stipulated Protective Order.  At the end of the litigation (including any appeals), counsel will not be required to return the material.

11.   This Protective Order may be modified by the Court at any time for good

cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 24th day of October, 2014.

BY THE COURT:

*[signature: Brooke Jackson]*

Hon. R. Brooke Jackson

APPROVED:

| | |
|---|---|
| s/ Madeline A. Collison | s/ Bronwyn H. Pepple |
| Madeline A. Collison | Bronwyn H. Pepple |
| Joan M. Bechtold | Megan D. Rhodes |
| Sweeney & Bechtold LLC | Lewis, Bess, Williams & Weese, P.C. |
| 650 S. Cherry St., Ste 650 | 1560 Broadway, Suite 1400 |
| Denver, Colorado 80246 | Denver, Colorado 80202 |
| macollison@sweeneybechtold.com | bpepple@lewisbess.com |
| jmbechtold@sweeneybechtold.com | mrhodes@lewisbess.com |
| Telephone: (303) 865-3733 | Telephone: (303) 861-2828 |
| | |
| Attorneys for Plaintiffs | Attorneys for Defendant |